Opinion issued August 31, 2006















 
 
In The
Court of Appeals
For The
First District of Texas
_______________
 
NO. 01-05-00664-CV
_______________
 
IN THE INTEREST OF S.T., A CHILD
 
                                                                                                                                            
 
On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2004-43471
                                                                                                                                            
 
MEMORANDUM OPINION
            Appellant, James Taylor, appeals the dismissal order of his petition for
involuntary termination of parent child relationship between Carolyn Vestal
(“Vestal”) and their minor child, S.T. We dismiss for want of jurisdiction.
Jurisdiction
          Taylor appeals the trial court’s dismissal of his petition for involuntary
termination of the parent child relationship between Vestal and S.T. The Texas
Family Code permits any party to appeal a final order rendered under Title V, as was
this order.


 Tex. Fam. Code Ann. § 109.002(b) (Vernon 2002). However, to timely
appeal this final order, Taylor was required to adhere to the customary time limits for
filing a notice of appeal in a civil case. Id. § 109.002(a). In addition, the Family
Code specifies that an appeal in which termination of the parent-child relationship is
in issue shall be given precedence over other civil matters and shall be accelerated by
the appellate courts. Id.
          The Rules of Appellate Procedure provide that, in an accelerated appeal, the
notice of appeal must be filed within 20 days after the judgment or order is signed. 
Tex. R. App. P. 26.1(b). Here, the judgment was signed on February 2, 2005. The
deadline for filing a notice of appeal was, therefore, February 22, 2005. The notice
of appeal was not filed until June 27, 2005. We hold this appeal was not timely filed.
          A notice of appeal which complies with the requirements of Rule 26 is essential
to vest a court of appeals with jurisdiction. Verburgt v. Dorner,959 S.W.2d 615, 617-18 (Tex. 1997) (construing the predecessor to Rule 26). If an appeal is not timely
perfected, a court of appeals does not obtain jurisdiction to address the merits of the
appeal and can take no action other than to dismiss the appeal. Id.
          Accordingly, we dismiss this appeal for want of jurisdiction.
 

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.